UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA F. CHANDLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00414-SEB-TAB |
| ) | |
| CAROLYN W. COLVIN Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Cynthia F. Chandler appeals the Commissioner's decision denying her claim for Social Security benefits. Chandler argues that the Administrative Law Judge assessed a residual functioning capacity that is not supported by substantial evidence and failed to properly evaluate her symptoms. For the reasons below, the Magistrate Judge recommends that Chandler's brief in support of appeal be denied. [Filing No. 20.]

**I.     Background**

Chandler filed for disability insurance benefits and supplemental security benefits on May 23, 2013, alleging an onset date of January 26, 2012. Chandler's claims were denied initially and upon reconsideration. Chandler testified before an ALJ on July 10, 2014, who denied Chandler's claims by written decision on August 8, 2014.

At step one, the ALJ found that Chandler had not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found that Chandler's severe impairments are obesity and degenerative disc disease. At step three, the ALJ considered Chandler's impairments and determined that they did not meet or equal a listing. At step four, the ALJ found that Chandler has the RFC to perform light work that can be done either sitting or standing, and with

a cane for ambulation. Based on this RFC and testimony from a vocational expert, the ALJ determined that Chandler can perform her past work as a general office clerk and front desk office receptionist. The ALJ also found that even if she proceeded to step five, the VE testified that Chandler is also able to work as a toll collector, booth cashier, or ticket seller. Thus, the ALJ concluded Chandler is not disabled. On December 22, 2015, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. This appeal followed.

## II. Standard of Review

The Court must uphold the ALJ's decision if substantial evidence supports her findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore*, 743 F.3d at 1123. The ALJ, however, need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

## IV. Discussion

Chandler argues she is unable to work due to her spine disorder and disabling pain. First, Chandler argues that the ALJ erroneously found she could perform light level work, because it is based on her layperson opinion. The Magistrate Judge first notes that Chandler's argument fails

to acknowledge restrictions the ALJ added to the light level. While the ALJ found Chandler is able to perform light work, the ALJ also found this ability "has been impeded by additional limitations" listed in the RFC. [Filing No. 13-2, at ECF p. 20.] Thus, the Magistrate Judge includes the RFC restrictions when considering Chandler's argument.

Chandler contends that she cannot perform light work because it requires her to stand 6 hours in an 8 hour workday. Chandler argues that this is contrary to Dr. Nace's opinion that she cannot stand for more than 60 minutes at a time. [Filing No. 13-10, at ECF p. 67.] However, the RFC limits Chandler to work that "would allow her the option of alternating between sitting and standing positions every 45 minutes without leaving the work site or ceasing work activity." [Filing No. 13-2, at ECF p. 17.] This is consistent with the standing restriction in Dr. Nace's opinion.[1] Thus, Chandler's argument fails.

Furthermore, the conclusion Chandler can perform work is not based on the ALJ's layperson opinion. The Commissioner points out that the ALJ cited four medical opinions supporting the conclusion that Chandler could perform some light work. The ALJ gave significant weight to Dr. Gasiewicz, who opined that Chandler could perform normal walking, sitting, squatting, bending, and manipulation. [Filing No. 13-7, at ECF p. 15.] The ALJ gave significant weight to Dr. Rice, who examined Chandler and found that despite some mild spinal tenderness, Chandler had a full range of motion. [Filing No. 13-7, at ECF p. 78-80.] The ALJ also discussed the opinions of Dr. Corcoran, who determined Chandler could perform medium work, and Dr. Fife, who determined Chandler could perform light work. [Filing No. 13-3, at

---

[1] Chandler is bound to the arguments in her opening brief. She attempts to argue in her reply brief that the ALJ should have given controlling weight to the opinion of Dr. Nace because he is her treating physician. However, "arguments raised for the first time in a reply brief are deemed waived." *Griffin v. Bell,* 694 F.3d 817, 822 (7th Cir. 2012). Accordingly, the Magistrate Judge finds that Chandler has waived this argument.

ECF pp. 6-7, 26-28.] The ALJ sufficiently supports her conclusion with this evidence. Thus, the Magistrate Judge finds no error.

Chandler argues that the ALJ erroneously rejected her testimony of chronic pain because it was based on subjective complaints. However, mere subjectivity was not the ALJ's reason for rejecting Chandler's testimony. The ALJ found that "[t]he record does not support the claimant's subjective complaints of pain." [Filing No. 13-2, at ECF p. 19.] This evidences two things. First, the ALJ's credibility determination was based on a review of the record. Second, the ALJ did not ignore Chandler's subjective complaints.

The Commissioner argues the regulations dictate subjective symptomatology alone cannot be the basis for a finding of disability. 20 C.F.R. § 404.1529(b). Chandler disagrees, relying on *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004), to contend that subjective evidence can itself be sufficient. The *Carradine* court explained that "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* However, the *Carradine* court also explained that a review of an ALJ's credibility determination is highly limited because the reviewing court lacks direct access to the witnesses, full immersion in the case, and the ALJ's experience with Social Security cases. *Id.* The *Carradine* court reiterated a need for medical evidence. "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Id.* (quotations omitted). Chandler's argument based on *Carradine* misses the mark. While *Carradine* explains that subjective evidence alone can be sufficient to establish a disability, it does not stand for overturning the ALJ's credibility determination based on subjective evidence the ALJ found was not credible.

4

Credibility determinations are entitled to special deference and are only reversed if they are patently wrong. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Chandler does not argue the ALJ's determination is patently wrong. Chandler does not point to medical evidence corroborating her subjective complaints of spinal pain. The ALJ determined that the record does not support her subjective complaints. As a result, the Magistrate Judge has no reason to doubt the ALJ's determination. Thus, deference is given to the ALJ, and her credibility determination stands.

Chandler also argues the ALJ mischaracterized her activities of daily living from the functional report she submitted. [Filing No. 13-6, at ECF pp. 20-28.] The ALJ's opinion relies on Chandler's report, finding that, "[d]espite her reports of pain, the claimant is able to do laundry, cook, care for her children, iron, perform household chores, drive, and shop in stores." [Filing No. 13-2, at ECF p. 19.] Chandler makes much of the ALJ's characterization of these activities, arguing that she performed these activities only with the support of family members and on a limited basis. However, Chandler does not deny she performed these activities, and fails to show how she was harmed by the ALJ's characterization. Chandler does not show how the ALJ's conclusion was the result of improperly considering her activities of daily living. Thus, Chandler's argument is unpersuasive.

Finally, Chandler argues the hypothetical to the VE is inappropriate because the RFC failed to account for her severe spinal pain. Chandler argues the ALJ should have asked the VE to consider pain limitations because there is no evidence she stopped having spinal pain. The Commissioner contends that the ALJ acknowledged Chandler's alleged pain and sufficiently explained why a limitation was not needed. The Magistrate Judge agrees with the Commissioner.

The ALJ explained that Chandler "testified that she had daily pain in the lower back that radiates to the legs," as well as pain in her upper back. [Filing No. 13-2, at ECF p. 18.] However, the ALJ found that "[t]he record does not support the claimant's allegations of disabling functional limitations." *Id.* The ALJ supported this conclusion by pointing to an MRI of the spine, showing "desiccation at L3-4 and L5-S1, but no evidence of disc bulge or narrowing of the spinal canal or stenosis of the neural foramina." *Id.* The ALJ also pointed to physician reports that she had full range of motion in the lumbar spine, normal posture and gait, and mild tenderness in the low back. *Id.* The ALJ's explanation for excluding Chandler's alleged spinal pain from the RFC is a logical bridge from the medical evidence to her conclusion that a limitation is unnecessary. The VE's testimony is based on the RFC, which is supported by substantial evidence. Thus, the hypothetical to the VE was appropriate.

## V.     Conclusion

For all these reasons, the ALJ's opinion is supported by substantial evidence. The ALJ conducted a thorough analysis of the record and reasonably determined that Chandler was not disabled. Accordingly, Chandler's brief in support of remand [Filing No. 20] should be denied and the Commissioner's decision should be affirmed.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 12/28/2016

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov